**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-00463-SEP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is Movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.  *See* Doc. [1].  For the reasons set forth below, the Court orders Movant to show cause why his motion should not be dismissed as untimely.

### BACKGROUND

On December 1, 2023, Movant pleaded guilty to one count of felon in possession of a firearm in violation of 28 U.S.C. §§ 922(g)(1) and 924(a)(8).  *See United States v. Johnson*, Case No. 4:22-cr-00532-SEP-1, Doc. [41].  On February 29, 2024, the Court sentenced him to serve 57 months in prison followed by two years of supervised release.  *See id.*, Docs. [55], [56].  Movant did not appeal.  He filed his § 2255 motion on March 25, 2026.  *See* Doc. [1] at 3.

### LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner serving a federal sentence may seek "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Section 2255 motions are subject to a one-year statute of limitations that runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam). If a criminal defendant does not appeal a judgment, such judgment becomes "final" for purposes of § 2255(f)(1) when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). A criminal defendant has 14 days from the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).

Before dismissing a § 2255 motion as untimely, the Court must "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).[1]

### DISCUSSION

Movant challenges his sentence based on *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He argues that § 922(g)(1) "violates his second amendment and does not pass the BRUEN MUSTER." Doc. [1] at 1. Movant claims that his sentence should be vacated and he should be released from prison immediately. *Id.* Along with *Bruen*, Movant cites a case from the United States Court of Appeals for the Third Circuit and a case from the United States District Court for the Northern District of Illinois. *See Range v. Attorney General of the United States*, 69 F.4th 96 (3d Cir. 2023), *vacated*, *Garland v. Range*, 144 S.Ct. 2706 (2024); *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023), *rev'd and remanded*, *United States v. Prince*, 2026 WL905432 (7th Cir. Apr. 2, 2026).

The Court entered judgment on February 29, 2024, and Movant did not appeal. Thus, judgment became final for purposes of § 2255(f) on March 14, 2024. *See* Fed. R. App. P.

---

[1] The Court notes that, in addition to providing the parties notice and an opportunity to be heard, *Day* also requires the Court "to assure itself that the [Movant] is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (citation modified). The Court defers consideration of the remainder of the *Day* standard until after Movant has had the opportunity to address the Court's timeliness concerns. *See Boston v. Weber,* 525 F.3d 622, 626–27 (8th Cir. 2008).

4(b)(1)(A)(i).  Movant had one year from that date to file a § 2255 motion but did not do so until March 25, 2026.  Movant's motion is thus untimely under § 2255(f)(1).

Section 2255(f)(3) does allow a movant to bring suit one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," but that provision does not help Movant here.  The Court need not decide whether a § 2255 motion on the grounds asserted by Movant would have been timely within the one year after the Supreme Court issued *Bruen*, because that period expired on June 23, 2023.  And neither of the other two cases cited by Movant could have triggered a new one-year limitation period under § 2255(f)(3), because they are not Supreme Court cases.  Therefore, Movant's motion does not appear to be timely under § 2255(f)(3).

Nothing in the motion suggests the applicability of any other provision of § 2255(f). Movant does not argue, for example, that he "has been pursuing his rights diligently" while "some extraordinary circumstance stood in his way" and prevented him from meeting the one-year statute of limitations.  *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). Thus, on its face, Movant's § 2255 motion appears to be untimely.  The parties will be "accord[ed] . . . fair notice and an opportunity to present their positions" as to dismissal.  *Day*, 547 U.S. at 209-10.

Accordingly,

**IT IS HEREBY ORDERED** that any party may show cause no later than **30 days** from the date of this Order why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that, if Movant fails to respond to this Order, this action will be dismissed without prejudice.

Dated this 30th day of April 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3