**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS JOHNSON, | ) | |
|     Movant, | ) | |
|   v. | ) | No. 4:25-cv-00463-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Movant Demetrius Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. [1]. On April 30, 2026, the Court ordered Movant to show cause why the Motion should not be dismissed as time-barred. Doc. [2]. Because no response has been received by the Court, the motion will be denied and dismissed as time-barred.

### BACKGROUND

On December 1, 2023, Movant pled guilty to one count of felon in possession of a firearm in violation of 28 U.S.C. §§ 922(g)(1) and 924(a)(8*). See United States v. Johnson*, Case No. 4:22-cr-00532-SEP-1, Doc. [41]. On February 29, 2024, the Court sentenced him to serve 57 months in prison followed by two years of supervised release. *See id.,* Docs. [55] and [56]. Movant did not appeal. He filed his § 2255 motion on March 25, 2026. *See* Doc. [1] at 3.

### LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner serving a federal sentence may seek "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 motions are subject to a one-year statute of limitations that runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2255(f); *see also Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam). If a criminal defendant does not appeal a judgment, such judgment becomes "final" for purposes of § 2255(f)(1) when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). A criminal defendant has 14 days from the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).

DISCUSSION

A district court may consider on its own initiative whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Id*. The Court has provided the requisite notice, and Movant failed to respond.

An unappealed criminal judgment becomes final for purposes of calculating the time limit when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Here, the judgment entered on February 29, 2024, became final on March 14, 2024, and the one-year limitation period expired on March 14, 2025. Fed. R. App. P. 4(b)(1). The motion was signed on March 25, 2026, approximately 376 days later, and is therefore time-barred under 28 U.S.C. § 2255(f)(1). Doc. [1] at 3.

To issue a certificate of appealability in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because this procedural ruling is not one that can be reasonably disputed, a certificate will not issue. *See* 28 U.S.C. § 2253. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. [1], is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of July, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2